v. Air Force You look quite well ready when you are. I just wanted to ask a question about how it's here. Is it okay if we could contemplate it with me? I prefer not. Okay. Thank you very much. Please proceed. May it please the court. My name is Marshall D. White. I represent Petitioner Sherman Howard. Mr. Howard, as I just indicated, is here in court today. This case is one issue presented in this consolidated appeal is whether Mr. Howard was returned to status quo entity with respect to his backfill war. Mr. Howard believes that the ultimate question before the court is why should he be worse off when he is entitled by law to a make whole remedy upon reversal of the agency's removal action. That is ultimately what the issue is. Consistent with the mandate of the Back Pay Act, the court's precedents indicate that the return to the status quo entity includes a back pay award that reflects the compensation that the affected employee would have earned or received if the removal or the adverse actions had not occurred. In accordance with that Back Pay Act, OPM's implementing regulations indicate that that back pay award is offset by the earnings and the compensation that the affected employee would not have received or would not have earned if he had not been removed. So that is how the make whole remedy is supposed to be established. This is what you would have gotten if you hadn't gotten removed and this is what you would have not received or earned if you had not gotten removed. So the suit was brought against the Air Force and it seems to me that there is question whether it's not OWCP that would, if he were to prevail, that would actually owe the compensation. Why didn't you bring the case against OWCP or make that the basis for your claim? Bring the suit against the OWCP? In other words, I think what you're indicating is why did Mr. Howard file a claim for the compensation he lost because of the agency's removal action with OWCP. Well, I think we did address that issue in our brief. That is because, first of all, Mr. Howard would not have had to file a retroactive wage claim with OWCP if he had not gotten removed. Mr. Howard would not have been subjected to delay and a possible denial of that claim if he had not gotten removed. All of this is brought on about because of the agency's removal action. Mr. Howard would not have had to do that. With that said, in fact, if Mr. Howard had filed that claim and OWCP had approved that claim, the agency would be liable for the compensation paid under that claim. That's another issue I think that came up in the government's brief that I want to make sure. To any extent, there's a space between the agency, the Air Force being liable for OWCP compensation, and that compensation being payable by the agency. It's brought on by the agency's removal action. If the agency doesn't remove Mr. Howard, they remain liable for all the OWCP compensation that he would have received if he had not gotten removed. Just like they would have remained liable for all the regular pay that he would have gotten if he had not gotten removed. So going out and filing a claim with OWCP was just another step to delay Mr. Howard's compensation. The agency was going to be liable for that compensation. So what if he gets denied? What does that mean? Well, then you bring your suit then. I'm sorry, Your Honor? You bring your suit then if he's denied. Well, as far as the back pay is concerned, you're requesting back pay. This was all supposed to be entitled. He was supposed to be entitled to the compensation that he would have earned or received if he had not gotten removed. Mr. Howard was earning four hours a day and receiving four hours of OWCP compensation. But he was getting four hours a day compensation, workers' comp. He was getting four hours a day regular pay. When he was put back into the original state prior to the removal, he was still in that state. He was getting four hours of compensation. No, that's a mistake. Respectfully, Your Honor, that's a mistake. In fact, Mr. Howard was not receiving four hours of OWCP compensation once he got reinstated back to his position. Mr. Howard was only getting four hours of regular pay, which, by the way, he was on administrative leave. He never was allowed to return back to work. But that's because when he was put back to work, he was only working the four hours. Right. When they removed him, which was three and a half years prior, when they removed him and then they reinstated him. So what he was missing was the OWCP pay. What he was missing was compensation for the other four hours. Right. That was the OWCP. That's what he was missing. Why didn't you file the claim then for that? That's what the agency wanted him to do, Your Honor. That's exactly what the agency wanted him to do. But Mr. Howard would not have had to file a retroactive claim. They wanted him to go back three and a half years and file a claim with OWCP. And if it gets approved, they have to pay anyway. They have to pay anyway. So why subject Mr. – and by the way, that's unreviewable by this court or any other court, whether they deny or approve that compensation. So why should Mr. Howard go out to OWCP and be subjected to delay and denial at that point in time when the agency is going to be liable for that compensation if it comes back approved? Do you have a response to the government's citation to a case called Puchel or Pueschel, which was in their red brief? Right. It's a disability benefits case, but it's quite clear that we said there that OWCP benefits are not payable by an agency. That's exactly what I was just indicating a few moments ago, Judge Chin, that OWCP compensation benefits – agencies are liable for OWCP compensation benefits. 5 U.S.C. 8147B. The agencies are liable. The only issue is whether OWCP approves it. Like I said, to the extent that there's any space between the agency paying for those benefits and the agency being liable for those benefits in Mr. Howard's case was brought on by an erroneous personnel action. Why should Mr. Howard be worse off because of their erroneous – why should Mr. Howard have to go do this? Why should Mr. Howard have to go file a claim for OWCP? Why should Mr. Howard have to do this? Mr. Howard was collecting benefits and working, and they erroneously removed him. Why should he be any worse off in any way? That's what the Back Pay Act is all about, making Mr. Howard whole. Mr. Howard is supposed to be laid whole. So here we are, Mr. Howard's back pay award, he only receives four hours of regular pay in his back pay award, but nevertheless, in accordance with OPM's regulations, they offset that four-hour back pay award by his full retirement, which was correct, and by his outside earnings, which was correct. So that left Mr. Howard totally far-sharp of the status quo ante, which is what he's supposed to be returned to upon a reversal of the Board's removal action. That's where he's supposed to be. So when he was reinstated, he was reinstated back into the Air Force. At that point, the Air Force was giving him four hours of regular pay, the Air Force. This is prior to the removal, and then after reinstatement, he was getting four hours' pay from the Air Force. Correct. Prior to removal, he was also getting four hours' pay from the OWCP program, correct? Correct. The Office Workman's Comp program. That's correct. Okay. So when he's reinstated, he's reinstated back into the Air Force. The Air Force starts paying him four hours, and he's missing. I'm trying to follow your scenario. He's still missing the other four hours, but that other four hours is not paid by the Air Force. It's paid by the Workman's Comp program. That's if Mr. Howard wants to file a claim.  This is my point, Your Honor. Mr. Howard did not need to file a claim once the Air Force reinstated him. Excuse me, once the board of orders him reinstated. Mr. Howard had an eight-hour position. The agency just kept him on administrative leave. They wouldn't allow him to come back to work. Mr. Howard had an eight-hour job. He's not getting paid the four hours for Workman's Comp, and you're saying that, well, he was obligated. He should have. He was entitled to that pay. Not after he got reinstated, Your Honor. He was not obligated to that compensation after he got reinstated. Mr. Howard indicated, I believe, on page 73 of the appendix of the record, Mr. Howard informed the agency on June 5, 2012, that he was willing and able to go to work. So at that point in time, Mr. Howard was not involved and not whatsoever interested in filing OWC. He wanted to work six hours a day, and he would work up to eight, but the medical records didn't support that. They kept him at that four hours, correct? No, Your Honor. That is not correct. Okay. This is what happened. The scenario played itself out like this. Mr. Howard wanted to go back to work, and the agency put him on administrative leave, and he wanted to go back to work for eight hours a day. They did not tell him that he was only getting paid for four hours a day while he was on administrative leave. They didn't tell him he needed to go get medical evidence so he could get paid eight hours a day. They didn't tell him anything. And contrary to any kind of assertion in the government's brief that Mr. Howard was on notice or constructive notice that he needed to provide medical evidence to the agency at any time before they told him on May 31st, more than a month after the board reversed the removal action, that's absurd. Mr. Howard was not on it. He wasn't collecting those WCP benefits. Mr. Howard wanted to go back to work. And this goes back to the issue about his permanent medical restriction. Mr. Howard didn't have a permanent medical restriction, and there's no evidence in the record to support that. And that's a linchpin of the board's finding, is that he had a permanent medical restriction, which he did not have. What about this letter from OWCP on November 21, 2008, where ultimately OWCP concludes that he had reached his maximum medical improvement. Oh, that. And so, therefore, he's going to be getting 50 percent workers' comp. The most notable thing about that document, Your Honor, is that that document was obviously written after Mr. Howard got removed. Mr. Howard wasn't collecting OWCP compensation. Mr. Howard did not collect OWCP compensation under that wage earning capacity determination. And frankly, that wage earning capacity determination is erroneous. You know why it's erroneous? It's erroneous because Mr. Howard was not permanently reassigned to a limited duty position. And that's the basis for making a wage earning capacity determination. And Mr. Howard was not re-employed in a four-hour position in August of 2007. The administrative judge knew that from an initial decision in the underlying removal action. Mr. Howard came back to work in February 2007. He didn't come back to work in August 2007. And the agency knew that. The SF-50 is in the record indicating that Mr. Howard was removed from a full-time position, and Mr. Howard was reinstated to a full-time position. The wage earning capacity determination that you just mentioned, Your Honor, is erroneous. It's erroneous. It is not entitled whatsoever to any evidentiary value in support of the board's decisions. Mr. Howard was not permanently reassigned to a limited duty position. Because otherwise, that's what his back pay would be about, the limited duty position. It wouldn't be about his full-time position. And so Mr. Howard, you know, that's the thing he wants to impart upon the court is that why is he worse off? Why is he worse off? And I think your question is a very valid one, and I think that's what we address, Your Honor, in our PFE. Why should Mr. Howard, our petition for enforcement, why should Mr. Howard go out to OWCP and make a claim when in fact if the claim is upheld, you have to pay? Now, what if the claim fails? What does that leave Mr. Howard? What does that leave Mr. Howard? And by the way, when you make a claim for OWCP, you're basically admitting that you're not really willing and able to work. So, Counselor, you were going to reserve three minutes of your time? I was. Okay. You're a little bit under that, but I'll give you the three minutes. Thank you very much, Your Honor. That was another issue. Thank you. Counselor Ely? Ely. Ely. May it please the Court. The MSPB's determination that Mr. Howard was returned to the status quo ante is supported by substantial evidence in the record. Specifically, it's undisputed that at the time of his removal, Mr. Howard was working for only four hours per day and receiving workers' compensation for the remainder. It's also undisputed that approximately a day after his removal, the Department of Labor had determined that Mr. Howard's wage earning capacity was 50% and that he'd reached maximum medical improvement. It's also undisputed that Mr. Howard did not present medical evidence regarding his ability to work more than four hours a day. The last finding of the 50% disability, was that after his termination, like a day after? It was. What impact does that have? When we're looking at a period going back or at the day he was terminated, this ruling hadn't come out yet. But it's evidence of his abilities during the relevant back pay period, the period for which he's seeking back pay. And significantly, Mr. Howard never presented any medical evidence undercutting this Department of Labor determination, which reflected... You're saying he's looking for 100% back pay, but he was really entitled, if anything, for 50%. That's what the evidence showed, Your Honor. And Mr. Howard had a full and fair opportunity to present medical evidence for the contrary if he believed he was ready, willing, and able to work. Can you explain the date of the events a little bit? Should we think of it as almost two ships passing in the night, two parts of the government doing things in parallel, where perhaps the Department of Labor didn't understand or even know yet that the Air Force had removed this particular employee, while it was working on trying to figure out to what extent the employee was deserving of workers' comp? Is that the way to look at it? Well, I think it's likely that the Department of Labor didn't know, but that would be irrelevant because the question is really whether this individual, regardless of where he works, has a decreased wage earning capacity. And that's what the determination, that was the determination that was... Do you understand why it's relevant for us? Because it appears just from the cold record that the Department of Labor issued this after the person was no longer an employee. That's true. And I don't know, I have no evidence in the record to suggest why that's the case. The way that this worked out was that Mr. Howard was injured in November 2006, did return in February 2007. By the time of his removal, which is, of course, months later, he's still having some trouble on the job and is working sort of at a 50% four-hour-a-day capacity. And to get OWCP benefits during that time frame, he is corresponding with the Department of Labor, providing on a kind of constant, every couple weeks basis, evidence of his medical condition. The wage earning capacity is the department's sort of the next step in that process when the employee effectively receives a ruling by the Department of Labor that he is approximately 50% disabled. And that's a permanent determination, so he doesn't have to keep running back to the medical office. When he was reinstated, was there a reliance on that determination? Yes. So that goes back to the question, how can there be a reliance on this determination if it was issued after? Even if it's one day, it was issued after he was terminated, he's ordered to be reinstated and put back home. Right. So he's back where he was and he was getting four hours regular pay, four hours comp pay, and now he's only getting four hours pay, partly in base because of this determination. Well, the status quo ante was that the agency was paying four hours out of its own pocket for the work that Mr. Howard was doing. And actually, when you talk about returning to an employee to the status quo ante under the Back Pay Act, and specifically, there are obviously broad remedies that are available to the employee under the Back Pay Act, but when you're talking specifically about the pay, there is a regulation that precludes, it says the agency may not include in the back pay calculation any period during which an employee was not ready, willing, and able to perform his duties due to an incapacitating illness or injury. And in this case, the Department of Labor determination effectively indicates that there is a… It would make sense if he had been terminated during the period of time when that determination was in effect, but he was terminated before that 50% disability determination was issued, even though it came out a day after. I'm sorry, I didn't hear you. It would seem like your argument would give an agency free license to issue a determination after someone's been terminated and affect their pay and really not allow them to respond to that adequately. No, Your Honor, the reality is that this… I think that the fact that this was issued even one day after the termination places the Department of Labor determination squarely within the period for which Mr. Howard is seeking compensation. So it is evidence in the record as to his ability during the period for which he is seeking the back pay. And that is also supported by the fact that immediately, this decision of 50% disability is consistent with other evidence of the status quo ante, which was that he in fact was working… Does any of the comp pay come out of the Air Force's pocket? The plaintiff has suggested that this is a one-to-one reimbursement. In fact, Congress' scheme basically indicates that the agency sort of… In Section 8147, the agency reimburses a fund based on what it pays out for workers' comps. So this isn't really… I don't think it's coming out of the Air Force's pocket. But in practice, the Air Force is ultimately paying the compensation that's going back to Mr. Howard? In some form or fashion, yes. However, the agency, as a matter of regulation, is precluded from paying that directly as part of a back pay calculation. That is from 5 CFR 550.805C1. The agency is precluded as a matter of regulation from paying the employee directly for periods where the employee is incapacitated. Is that what we said in PUSHU or PUSHU? Yes, Your Honor. You said that the duty to pay disability benefits is OWCPs, not the employing agencies. And consistent with that, there's long-standing board precedent, Lever v. Department of Agriculture, which explains in a footnote, footnote 6, that workers' compensations constitute a non-duty, non-pay status that precludes an employee from receiving regular pay during the time where they're getting workers' comp. Just as I understand the facts correctly, for the year or two before Mr. Howard was removed, he was on 4-hour pay status, 4-hour a day pay status? I don't know the exact time. It's not clear from the record what exact time period he was on the 4-hour. But he was, my understanding is that he was generally, he came back to work in February 2007, was struggling, working a reduced schedule, and eventually had applied and received workers' comp at the 4-hour level, and that was where he was at the time of his removal. And he'd applied, he obviously had pursued the matter, seeking a 50% wage earning. I guess what I'm trying to figure out is, did he ever get any workers' comp before that November 21, 2008 ruling by OWCP? Yes, he did. So he was getting workers' comp, and then, so what is the significance of the November 21 letter? Is it just sort of a confirmation that everything that OWCP had been doing up to that point was appropriate and accurate? Yes, Your Honor. What you'll note is the, if you look closely at the WEC determination on page 198 and 197 of the appendix, one of the things that occurs is, particularly if we were to look at page 198 as an example in the last paragraph, the Department of Labor writes, you are earning about $700. On the date of injury, you are a grade YA-511-2. The current pay rate for that same grade in steps is approximately $1,600. That's an acknowledgment that he's working at about 50% based on preceding events. And that he's also getting workers' comp during the prior year? That is not explicit in this WEC determination. It's a point that the petitioner has openly conceded in his brief, specifically his brief at page 23. His opening brief indicates at the time of his removal, Mr. Howard was working only four hours and receiving workers' compensation for the removal. So that's not a disputed fact. So let's say that Mr. Howard does file a claim at OWCP this afternoon. He says, here, I have this valid order undoing the removal that occurred in 2008, and now I want to collect all those workers' comp benefits that I am entitled to over that four-year gap in time. And let's say workers' comp, OWCP responds and says, well, we don't have enough proof here in your record that you really were at some 50% disability during that entire time. And so unless you can prove to us that you were really still permanently disabled to that level during that four years, we're not going to give you any workers' comp for that time. Then at that point in time, would Mr. Howard be able to come back to the Air Force and say, all right, Air Force, you wanted me to do this through OWCP. OWCP doesn't want to give me the money. They're saying that unless I can prove otherwise, Mr. Howard is fully functional, and so therefore now it's on you to make me whole, Air Force. What would the Air Force do under those circumstances? Well, the Air Force can't pay – well, I think that it becomes difficult because at this point the Air Force probably – Are you saying Mr. Howard falls into some lacuna where he can't get made whole from anybody? He's got nowhere to turn? That very well may be the case, and I realize that that's a very unsatisfying answer. However, the important thing is that an employee is entitled to as much pay or as much relief as the evidence shows that he's entitled to. And so when this employee came before the Air Force and was asked to, but failed to produce medical evidence substantiating that he was, in fact, ready, willing, and able to work during the back pay period – we know he did it in – when he did it for 2012 and four, the agency went ahead and paid him, but he didn't do it for the back pay period. He wasn't – at that point he failed to establish his entitlement to back pay because the agency, as a regulatory matter, precluded from paying for periods where the employee is not ready, willing, and able to work. And there was – the only evidence in the record was that he was, in fact, disabled. Now, I mean, could – prior to filing this lawsuit, could Mr. Howard have gone and sought disability benefits from OWCP and gotten a denial and taken that back to the agency and say, here, I put this question to OWCP, they say I'm just fine. I mean, after the litigation, I see no reason why he couldn't present the OWCP's decision on his claim as evidence that he was, in fact, disabled. Can he do it now? But I don't – but, Your Honor, I mean, at this point, this is – he's litigated this matter. At some point, race judicata has to take over. Race judicata on what? Well, I mean, presumably he would get a decision from the court or the board resolving the issue of – resolving this issue because he's brought it up on this specific set of facts based on the record he created. And one of the things he is asking to do, Your Honor, is come back and – for a second bite at the apple and to come back and maybe put in more medical evidence or something to support the claim that he was ready, willing, and able to work. But the reality is the record that he presented to the agency and then brought up to the board was one that was devoid of such proof. And there's certainly no reason that someone in these circumstances should get a second bite in the apple when he's already had a fair opportunity to make his claim to the agency. But all I see here is the government saying, Mr. Howard, you need to go to OWCP. That's it. That would be what, if we were to affirm, would be affirming. Not that he was perfectly able to work or he was not able to work to 50%. Then it would be up to OWCP in a claim that Mr. Howard would subsequently file to determine whether or not they needed to honor this requirement to give him the benefit. Well, actually, there are two things that the government did say to Mr. Howard, which are both equally correct. When Mr. Howard indicated to the Air Force, I'm ready, willing, and able to work, the Air Force said, okay, give us some medical evidence to substantiate that and we'll pay you eight hours. And we know that when he did provide that medical evidence for the period 2012-2014, the agency did pay him. The agency also said effectively, and it is in the record at page 100-101, if you say you're disabled, you've got to go to OWCP for this extra four hours. So the ball is really in Mr. Howard's court. At this point, I mean, I don't understand why res judicato would apply. We're not talking about the same parties. You essentially have already argued that the OWCP and the Air Force are separate. I apologize. What I meant to say was at this point, Mr. Howard would have fully litigated the question of his treatment by the Air Force. So he could go back to and file for work when he's come. He certainly could go to OWCP. I apologize, I didn't mean to suggest otherwise. Your Honor, I see I'm at the end of my time. Do you have additional questions? No questions. Thank you very much. Thank you very much. We ask that the board just affirm the decision. Thank you. Mr. White, you went a little bit over your time, but I'm going to give you three minutes. I appreciate that very much. There's two issues I really want to make sure that I leave the court with. And that is, to your point, Judge Chin, Mr. Howard going out to OWCP and making a claim is just a run around. It's just a run around. If OWCP denies their claim, Mr. Howard has lost. He's done. The Air Force has already taken a position that they're not going to pay him. If he goes out to OWCP, which is what the Air Force is telling him to do, and OWCP denies him, he's done. If OWCP approves him, the Air Force pays. That is a statute. That is a statute. It's 8147B, 5 U.S.C. 8147B. I'm not sure that we could order the OWCP to pay here. They're not before us. And also, you haven't filed a claim up to that point, so I'm not sure that that's totally accurate. I understand what you're saying, Your Honor. I don't believe you can tell OWCP, but you can order the Air Force to pay that compensation that they would be liable for. That is the key. I don't think we could order them to pay the compensation that OWCP owes or is obligated to pay. They're not a party here. I understand what you're saying. They're not a party in this matter, but the agency would be liable. It's just a run around. And another aspect I want to hit at is, on the Pecone versus Even if you'd have brought this issue properly before us, I think our response would be you've got to go file a claim first before you can bring us any cause of action that would order us to pay, to order OWCP to make a payment. You haven't done that. I don't fully understand or agree with your argument that it's a run around. I mean, you could have filed before OWCP. It's an open-ended question. You don't know what they would answer. Right, but this is Mr. Howard's position, Your Honor. First of all, with respect to the evidentiary issue, it's the agency's burden. A respondent has tried to flip this burden. It's the agency's burden to establish that Mr. Howard was not ready for that. No, you have a burden to show. Once they issue that notice of 50 percent, then it's up to you to show that that determination is incorrect or that you're entitled to more than the 50 percent back pay. Well, first of all, Mr. Howard did not collect benefits under that determination. You're talking about the back pay, and you didn't submit any evidence with respect to rebutting the issue of back pay. Your Honor, Mr. Howard would not have lost any benefits whatsoever. If Mr. Howard goes out and files a verdict, that's the Pachelle case itself. That petitioner never got those benefits 20 years after. If Mr. Howard goes out and files an OWCP compensation claim, he may never get those benefits. Your Honor, we respectfully ask the court to reverse the decision of the board because it's contrary to the back pay act. Mr. Howard has not been made whole. Mr. Howard would not have incurred any loss in compensation if he had not gotten removed. Counselor, you're out of time. Thank you. Thank you very much, Your Honor. I appreciate it.